UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60613-CIV-COHN/Seltzer

URSULA CORGOSINNO, on her own
behalf and others similarly situated,

    Plaintiff,

v.

CITIMORTGAGE, INC.,
a New York corporation,

    Defendant.

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

  Defendant CitiMortgage, Inc. ("Defendant"), by and through its undersigned counsel, hereby files its Answer to Plaintiff Ursula Corgosinno's ("Plaintiff") Complaint (Dkt #1). For convenience, Defendant uses the same headings used by Plaintiff in her Complaint.

  1. Defendant admits that Plaintiff is a former employee of Defendant and that Defendant is a New York corporation. Defendant denies that Plaintiff is entitled to any relief from Defendant, that Plaintiff is similarly situated to any other individuals, and that any other individuals should be permitted to join this action. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

  2. Defendant admits that Plaintiff performed duties for Defendant at some time in Broward County, Florida as a Home Lending Specialist. Defendant denies that a three year statute of limitations period applies in this action and further denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits that it has multiple locations in Florida and the United States, including in Broward County, Florida, but denies that this action is suitable for collective treatment or that any other individuals should be permitted to join this action. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits that Plaintiff purports to bring this action under the FLSA, but denies that Plaintiff is entitled to any relief thereunder. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. The allegations in Paragraph 5 of the Complaint are legal conclusions to which no response is required and are therefore denied.

6. The allegations in Paragraph 6 of the Complaint are legal conclusions to which no response is required and are therefore denied.

7. Defendant admits that it has had annual gross revenues in excess of $500,000. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 of the Complaint are legal conclusions to which no response is required and are therefore denied.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits that it has access to records that Plaintiff submitted regarding her hours between July 2010 and December 2010, but denies that there are any "similarly situated" individuals. Defendant further denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits that it has access to records of Plaintiff's compensation, but denies that there are any "similarly situated" individuals.  Defendant further denies the remaining allegations contained in Paragraph 15 of the Complaint.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

16. Defendant restates its responses to Paragraphs 1 through 15 above.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits that Plaintiff has purportedly retained counsel to represent her in this action, but lacks knowledge as to the details of their relationship.  Defendant denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits that Plaintiff has requested a jury trial in this action, but denies that she is entitled to one.

Defendant denies that Plaintiff is entitled to any of the relied sought in the unnumbered WHEREFORE clause immediately following Paragraph 23 of the Complaint, and further denies that Plaintiff is "similarly situated" to any other individuals or that anyone else should be permitted to join this action.  Defendant further denies the remaining allegations contained in the WHEREFORE clause of the Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint that has not otherwise been specifically admitted or denied herein.

**DEFENSES**

1. The Complaint fails to state facts sufficient to constitute a cause of action, and accordingly must be dismissed.

2. The Complaint fails to state a claim.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

4. Plaintiff's claims are barred by and subject to an arbitration agreement.

5. Plaintiff and any allegedly "similarly situated" individuals are not entitled to overtime compensation for part or all of their claims because they were exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA") under one or more exemptions, or combination of exemptions, including, but not limited to the administrative, professional, executive, retail and service establishment (29 U.S.C. § 207(i)), outside sales, and/or highly compensated exemptions or some combination of these exemptions.

6. Plaintiff's claims cannot be properly joined with the claims of any potential opt-ins.

7. This lawsuit should not proceed collectively because Plaintiffs and those whom Plaintiffs seek to include in this lawsuit are not similarly situated.

8. Plaintiffs have not alleged sufficient facts to justify a collective action.

9. If Defendant's failure to pay overtime was unlawful, although such is not admitted, Defendant had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

10. If Defendant failed to pay any overtime wages, although such is not admitted, the failure was in good faith in conformity with and in reliance on an administrative regulation,

order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor.

11. Plaintiff is not entitled to any recovery for the damages asserted as all monies due and owing to Plaintiff were paid by Defendant. Specifically, and without limitation, Plaintiff was properly classified as an exempt employee under the FLSA, and therefore not entitled to overtime as that term is defined by the FLSA.

12. Plaintiff may not recover both prejudgment interest and liquidated damages under the FLSA.

13. If Defendant's failure to pay any of the Plaintiff's overtime was unlawful, although such is not admitted, none of Defendant's actions or omissions constitutes a willful violation of the law, thus neither liquidated damages nor a three year statute of limitations would be warranted.

14. Plaintiff's claims are barred in whole or in part by the *de minimis* doctrine.

15. All or part of Plaintiff's claims are barred by the doctrines of estoppel, unclean hands, accord and satisfaction, offset and/or setoff.

16. Plaintiff's damages are limited by the provisions of the FLSA.

17. Plaintiff has failed to mitigate her damages.

18. If Plaintiff is able to show a violation of the FLSA, which is denied, Defendant is entitled to use the fluctuating work week method of calculating any overtime wages due.

19. Defendant did not employ Plaintiff for all or part of her claim.

20. Certification of a class would constitute a denial of Defendant's due process rights in violation of the Fourteenth Amendment.

21. Although Plaintiff is not similarly situated to other individuals, Defendant reserves the right to assert any and all of the above defenses as to any individual who files a

consent to join in this action as well as any and all other defenses that may become evident during discovery and during any other proceeding in this action.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff and each putative member of the purported collective action defined in the Complaint take nothing by the Complaint;

2. That the Complaint be dismissed in its entirety with prejudice, and that judgment be entered in favor of Defendant and against Plaintiff on all causes of action contained in the Complaint;

3. That Defendant be awarded its reasonable costs and attorneys' fees incurred by this action; and

4. For such other and further relief as the Court deems just and proper.

Submitted this 26th day of April, 2011.

Respectfully submitted by,

s/ Mark E. Zelek
Mark E. Zelek, Esq.
  Florida Bar No.: 667773
  Email: mzelek@morganlewis.com
Derek J. Dilberian, Esq.
  Florida Bar No.: 36985
  Email: ddilberian@morganlewis.com
Morgan, Lewis & Bockius LLP
Counsel for Defendant
5300 Southeast Financial Center
200 South Biscayne Boulevard
Miami, FL  33131-2339
Telephone:    305.415.3000
Facsimile:    877.432.9652

- 7 -

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I HEREBY CERTIFY that on April 26, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will, in turn, send a notice of electronic filing to Keith M. Stern, SHAVITZ LAW GROUP, P.A., 1515 S. Federal Highway, Suite 404, Boca Raton, FL 33432.

s/ Mark E. Zelek<br>
Mark E. Zelek